Hearn *vs.* Gould.

(Decided 27th March, 1879.)

---

RICHARD HEARN and REBECCA HEARN *vs.* ALEXANDER GOULD, JR.

*Petition in the nature of a Writ of Error—Rule No. 1, of the Court of Appeals—What must be stated in such a Petition—Object of the Rule.*

An application in the nature of a writ of error must conform to the requirements of Rule No. 1, of the Court of Appeals, passed in pursuance of Art. 4, sec. 18, of the Constitution of 1867.

The petition under this rule takes the place of the former writ of error, and in it the party making the application must plainly designate the points or questions of law, by the decision of which

he feels aggrieved; and no point or question of law not thus designated can be heard or determined in this Court.

The object of this Rule is to prevent the reversal of a judgment upon points or questions of law, not relied on and not determined by the Court below.

WRIT OF ERROR from the Circuit Court for Baltimore County.

This case came into the Circuit Court for Baltimore County on appeal from a judgment in replevin, of a justice of the peace, in favor of the avowant, in the matter of a distress for rent. The case was tried before the Court and the judgment affirmed. The appellants then filed a motion (with the reasons therefor,) in arrest of judgment, which motion was overruled. The appellants prayed an appeal to this Court, and the next day filed the following with the clerk of the Court: Dismiss the appeal in this case, and enter prayer for writ of error to the Court of Appeals. Whereupon the Court, (YELLOTT, J.,) passed the following order: Let the writ of error issue as prayed.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J., for the appellants and submitted for the appellee.

*J. T. B. Dorsey*, for the appellants.

*D. G. McIntosh*, for the appellee.

The writ of error or appeal in this case should be dismissed for the following reasons:

1st. The appellant has not complied with Rule, No. 1, of this Court, regulating appeals from Courts of law. 29 *Md.*, 1.

2nd. Because there is no ground upon which a writ of error could give relief, and it issued improperly.

3rd. The record proper in this case shows no want of jurisdiction, either in the justice or Appellate Court, and

Hearn *vs.* Gould.

discloses no error of fact or error in law, upon which either an appeal or writ of error can lie, and therefore the appeal should be dismissed.

ROBINSON, J., delivered the opinion of the Court.

The writ of error in this case must be dismissed, because the party making the application has not complied with the following rule adopted by this Court, in pursuance of sec. 18, Art. 4, of the Constitution:

"Formal writs of error shall in all cases be dispensed with, and the party applying to have the record removed, as upon writ of error, in cases where by law, writs of error are allowable, shall by brief petition addressed to the Court in which the case was tried, plainly designate the points or questions of law, by the decision of which he feels aggrieved; which application so to remove the record shall be allowed as of right, and no point or question not thus plainly designated in such application shall be heard or determined by the Court of Appeals."

The petition under this rule, takes the place of the former writ of error, and in it, the party making the application, must plainly designate the *points* or *questions of law* by the decision of which he feels aggrieved, and *no point* or *question of law* not thus designated can be heard or determined in this Court.

The object of this rule, is to prevent the reversal of a judgment upon points or questions of law not relied on, and not determined by the Court below.

There is no petition in this case addressed to the Court in which the case was tried, designating the point or question of law by the decision of which the appellants felt aggrieved, and in the absence of such petition, there is no point or question of law for this Court to determine.

The writ of error must therefore be dismissed.

*Writ of Error dismissed.*

(Decided 27th March, 1879.)